UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**INEZ ORTIZ,**

    Plaintiff,

                      **JURY TRIAL DEMANDED**

vs.

**ALLERGY AND ASTHMA CARE OF THE PALM
BEACHES, P.A. D/B/A ALLERGY AND ASTHMA CARE
OF THE PALM BEACHES, a Florida corporation; and
ELIZABETH OTERO, M.D.**

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff, Inez Ortiz, sues the Defendants, Allergy and Asthma Care of the Palm Beaches, P.A. d/b/a/ Allergy and Asthma Care of the Palm Beaches (hereinafter **" Allergy and Asthma Care "**) and Elizabeth Otero, M.D. (hereinafter **"Otero"**), and states as follows:

**INTRODUCTION**

1. This is an action to recover monetary damages in the form of unpaid overtime wages and for damages for retaliatory discharge, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq*.

**JURISDICTION**

2. This Court has original jurisdiction over the FLSA claims asserted herein pursuant to FLSA, 29 U.S.C. §201 et seq., 29 U.S.C. 216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendant Allergy and Asthma Care was "an enterprise engaged in interstate commerce," as defined by the FLSA.

4. At all times pertinent to this Complaint, Defendant Allergy and Asthma Care was, and regularly operated, a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. At all times pertinent to this Complaint, Defendant Allergy and Asthma Care employed two or more persons "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

6. The Plaintiff's work and that of other employees involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

7. During the relevant time period, Defendant Allergy and Asthma Care had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

8. During the relevant period, Defendant Allergy and Asthma Care conducted substantial and continuous business in this judicial district.

## VENUE

9. Venue is proper in this Court because the Plaintiff performed work for Defendants in Jupiter, in Palm Beach County, Florida, which is within the Southern District of Florida.

10. The Southern District of Florida is the place where the cause of action occurred.

## PARTIES

11. From or about August 1, 2018 to on or about September 9, 2019, (hereinafter **"Relevant Time Period"**), the Plaintiff was employed by the Defendants in the positions of a front desk clerk and also, at some times, a medical assistant.

12. During the Relevant Time Period, Plaintiff resided in Palm Beach County, Florida.

13. During the Relevant Time Period, Plaintiff was as an "employee" of the Defendants within the meaning of the FLSA.

14. The Plaintiff was employed by the Defendants within the meaning of the FLSA.

15. Defendant Allergy and Asthma Care was and continues to be a Florida corporation engaged in the transaction of business in Palm Beach County, Florida, with its principal address at 500 University Blvd., Suite 116, Jupiter, Florida 33458.

16. During the Relevant Time Period, the Defendants operated Allergy and Asthma Care as a medical office with a branch office in Palm City, Florida.

17. During the Relevant Time Period, Defendant Allergy and Asthma Care was an "employer" of the Plaintiff within the meaning of the FLSA.

18. During the Relevant Time Period, Defendant Otero was an "employer" of the Plaintiff within the meaning of the FLSA.

19. During the Relevant Time Period, Defendant Otero was a supervisor and manager of Allergy and Asthma Care and was directly or indirectly responsible to the day-to-day management and/or operations of Allergy and Asthma Care and/or was directly or indirectly responsible for the supervision of Plaintiff.

20. During the Relevant Time Period, Defendant Otero was directly or indirectly responsible for decisions affecting employee compensation and/or hours worked by the Plaintiff.

21.     Defendant Otero is personally liable as an employer for the violations alleged herein.

### STATEMENT OF FACTS

22.     The Plaintiff's job duties during the time she was a front desk clerk and medical assistant included but were not limited to the following:

a)   check patients in and out;

b)   collect copay and deductibles from patients;

c)   perform insurance verification;

d)   scanning documents;

e)   performed medical assistant duties in back of office as needed; and

f)   worked with Otero every other Thursday as a medical assistant.

23.     Plaintiff had complained about not being paid overtime to the Nurse Practitioner and to Defendant Otero often during her employment and especially during the last two months prior to being terminated.

24.     Plaintiff had spoken to another employee, Nelcy Palvkis, about not being paid overtime and about the extra job duties Plaintiff had been given.

25.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

26.     The Defendants failed to keep accurate records of the "hours worked each workday and total hours worked each workweek," as required by law.

27.     The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

28. The Plaintiff has retained the Law Office of Rose H. Robbins to represent him in this action, and is obligated to pay reasonable attorney's fees, costs, and expenses.

## STATEMENT OF CLAIM

### COUNT I

**VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)
BY PLAINTIFF INEZ ORTIZ AGAINST DEFENDANTS ALLERGY AND ASTHMA
CARE OF THE PALM BEACHES AND ELIZABETH OTERO, M.D.**

29. The Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. The Plaintiff's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

31. During the Plaintiff's employment, she worked hours in excess of forty (40) per workweek.

32. The Plaintiff was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours worked in a workweek.

33. Defendants' failure to pay the Plaintiff overtime wages for hours worked in excess of forty (40) per workweek violated the FLSA.

34. Due to the unlawful acts of the Defendants, the Plaintiff has suffered damages for unpaid overtime wages.

35. As a result of Defendants' disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. The Plaintiff is entitled to an award of her reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiff Inez Ortiz respectfully requests judgment in her favor and against Allergy and Asthma Care of the Palm Beaches and Elizabeth Otero, M.D.:

a. Defendants violated the overtime wage requirements of FLSA, 29 U.S. C. §207;

b. awarding all unpaid overtime wages due or payable equal to the full overtime wage for each hour worked;

c. awarding an equal amount in liquidated damages;

d. awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. awarding post-judgment interest; and

f. awarding all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATORY DISCHARGE) BY PLAINTIFF INEZ ORTIZ AGAINST DEFENDANTS ALLERGY AND ASTHMA CARE OF THE PALM BEACHES AND ELIZABETH OTERO, M.D.

37. The Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

38. Plaintiff had an excellent work record throughout her employment.

39. Plaintiff had complained to her employer about not being paid overtime for work performed including during the last two month before being terminated.

40. On many occasions during her employment and shortly before being fired, Plaintiff had spoken with another employee, Nelcy Palvkis, and told that Plaintiff should be compensated for the overtime hours that she was working.

42. On or about September 9, 2019, a meeting took place with Plaintiff, Defendant Otero and another employee in which a dispute arose as to whether Plaintiff had called the employee a derogatory name.

43. Defendant Otero asked Plaintiff to step into a second room with her and told her that the other employee had seniority and that Plaintiff was terminated.

44. The reason given by Defendants for the termination of Plaintiff was clearly a pretext and not the direct or indirect reason as to why he was terminated.

45. There is a direct causal relationship between Plaintiff having informed Defendants of her overtime claim against them and the abrupt termination of her services shortly thereafter since there are no justifiable reasons for Defendants' adverse employment action.

46. The motivating factor which caused Plaintiff's discharge as described above was the notice to Defendants of Plaintiff's right to overtime wages. In other words, Plaintiff would not have been discharged but for her complaints to Defendants for overtime wages.

47. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, Plaintiff has been damaged.

48. Despite diligent efforts Plaintiff has been unable to find work after being fired.

49. In addition, Plaintiff has suffered emotional distress from the humiliation of being fired in this manner.

WHEREFORE, Plaintiff Inez Ortiz respectfully requests that judgment be entered in her favor against the Defendants Allergy and Asthma Care of the Palm Beaches and Elizabeth Otero, M.D.:

    a. Declaring that the Defendants violated the retaliation provisions of 29 U.S.C. §215(a)(3);

b.  Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

c.  Awarding Plaintiff liquidated damages in the amount calculated;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiff post-judgment interest; and

f.  Ordering any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 25, 2019

>Respectfully submitted,
>
>LAW OFFICE OF ROSE H. ROBBINS
>2255 Glades Road, Suite 324A
>Boca Raton, FL 33431
>Phone: (954) 946-8130
>Fax: (954) 301-2200
>robbinslawoffice@icloud.com
>*Attorney for Plaintiff*
>
>By: *s/Rose H. Robbins, Esq.*
>     ROSE H. ROBBINS
>     FBN: 694568